FOOTE *v.* DICKSON ET AL.

[83 South. 145, In Banc. No. 2850.]

EQUITY. *Remedy at law after alteration of one of joint signatures.*

    The holder and lender on a note, signed by a drug company through its president, and by an individual, had an adequate remedy at law on the note as signed and delivered to him by the president of the company, even though the individual signer could defeat recovery, because he had signed the note jointly with the president of the drug company as an individual only, while the president had written in both his signature, the name of the drug company and after the name the abbreviation "pres," this fact not affording the holder a remedy in equity, against the individual signer.

APPEAL from the chancery court of Hinds county. HON. O. B. TAYLOR, Chancellor.

Suit by F. W. Foote against J. M. Ware and Benjamin A. Dickson. From a decree dismissing the bill as to defendant, Ware, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers* and *E. B. Cooper,* for appellant.

We say that under the facts of this case as disclosed by the bill of complaint that there does not exist for the appellant that full, adequate and complete remedy at law that must exist before a court of equity will refuse its aid. In what respect must the remedy be full, adequate and complete we submit the following authorities as showing the extent to which the courts go in holding what is necessary to constitute an adequate remedy.

In Cyc., page 41, we find the following: "The existence of a remedy at law does not deprive equity

of jurisdiction unless such remedy be adequate. By this is meant that it must be clear, complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' ''

And then again on page 42 it is said: ''The greater promptness of the remedy in equity is often given as a reason for sustaining its jurisdiction. This does not mean promptness in administration, depending on the state of the calendar nor does it mean that the progress of a suit in equity is inherently more speedy, for on the contrary such progress has been generally and notoriously slow. It relates rather to directness of remedy and the avoidance of circuity of action and multiplicity of suits.''

And further on page 43 you will find where a legal remedy is available but would afford only a partial protection of plaintiff's entire right or would not entirely adjust the rights of the parties, such remedy is incomplete, and for that reason equity will interpose.

We submit that the foregoing statements of what will constitute a full, adequate, and complete remedy at law are correct in every particular and is applied to this case to show that the appellant had no full, complete and adequate remedy at law.

If we are remitted to a court of law in a suit on the note against Dr. Ware the nature of his defense to the suit might defeat it and we would thereupon be required to enter suit against Dickson because of his fraudulent acts and his fraudulent representation when the note was delivered to appellant. Two suits would be necessary. The subject-matter of these suits would grow out of the same transaction. We have simply asked the court by the bill in this case to render such decree as the facts of the case justify. We say that Dr. Ware is liable to us or that Mr. Dickson is liable to us. Under the facts of this case we asked the

chancery court to avoid circuity of action and to settle the rights of the parties in this one particular suit. This is one of the functions of a court of equity and has been recognized from time immemorial. We say that while we might by two separate suits, one of which must necessarily await the determination of the other, accomplish the results we have asked for. That may be true, but a court of equity does not require us to be without a remedy at law before it will extend its aid. The remedy at law must be full, complete and adequate and such is not true in this case. And as shown in the quotations from Cyc. the promptness of the remedy enters into the questions of the adequacy of the remedy. In our case the remedy at law is inadequate. To remit us to a court of law would be in effect remitting us to two law suits, and we must await the termination of the one against Dr. Ware and its unsuccessful conclusion before any suit against the other appellee can be established. We say and submit that our remedy is incomplete and inadequate in a court of law for the reasons indicated above and submit that the cause should be reversed and remanded.

*Ridgeway, Enoch & Ridgeway,* for appellee.

We are familiar with the two grounds of equity jurisdiction, to-wit: (1) the avoidance of a multiplicity of suits, and (2) the avoidance of a circuity of action. But we submit that appellant does not present a case coming within either ground. The fact that appellee Ware might successfully defend a suit at law on the note by showing that he did not sign the note of the Cadenhead Drug Company, does not give the chancery court jurisdiction of a suit on the note against appellee just because, forsooth, another might in that event be liable to the appellant for the amount of the note for fraudu-

lently representing that appellee did sign the note of said company. We do not understand that the above-mentioned grounds of equity jurisdiction are involved in a case where a party is unable to decide which of two persons to believe, or rather which of two persons a jury would believe, and is therefore in doubt which is liable to him at law. We do not understand that a doubt in the mind of a party as to which of two persons to believe, or a doubt in his mind as to which of two persons a jury will believe, and for that reason doubtful as to which of two persons is liable to him at law, will entitle him to implead them both in a suit in chancery on the ground of avoiding a multiplicity of suits or a circuity of action.

As we understand the rule of pleading in chancery, is required to be as certain as at law. *Prestidge* v. *Pendleton,* 24 Miss. 80. If a person is hailed into the chancery court, to hold him there, a case must be stated against him no less certainly than at law. And in the case at bar to so state a case against appellee Ware, would prevent the statement of a case against defendant Dickson, and *vice versa.* And if he stated a case with certainty against appellee, it is manifest that the jurisdiction of the suit is at law. And on the other hand, if appellant should state a case with certainty against defendant Dickson, then appellee Ware should not have been sued, and the jurisdiction is at law.

But for the case of *George* v. *Solomon,* 71 Miss. 168, 14 So. 531, we would say this is a novel proceeding and without precedent; but as the above-mentioned case is on all fours with the case at bar, and Judge COOPER .said therein that it was a novel proceeding without precedent we refrain from doing so.

As stated by appellant in his brief, as quoted by us above: "We say that Dr. Ware is liable to us or that Mr. Dickson is liable to us." And while it is true

that in one place in his bill of complaint appellant says that appellee is liable to him in the premises, yet it must be borne in mind that the premises are the averments of fact by complainant. And it is just as appellant says in his brief, the bill charges that either Dr. Ware is liable or defendant Dickson is liable.

We submit, that if Dickson is to be sued for fraud, he should be charged with perpetrating a fraud; yet the complainant only charges that he is guilty of fraud if what Ware says is true, but does not charge that what Ware says is true. The bill of complaint charges that even at the time of filing, the defendant Dickerson says that Ware signed the note of the company, then how can Dickson be hailed into any court, much less the chancery court, to answer for a fraud in this matter without being specifically charged that what he contends is untrue. And how can Ware be hailed into the chancery court on this note, instead of a justice court, by charging that he probably has a valid defense, and if he has, another is liable for the debt for fraud. This court has very clearly defined the jurisdiction of the chancery court on the ground of the avoidance of a mutiplicity of suits in the case of *Gulf & Ship Island Railroad Company* v. *Barnes et al.,* 94 Miss. 484, 38 So. 823. In that case the railroad company undertook to enjoin suits at law by Barnes and others for injuries sustained in a railroad collision, and impleaded them all in one suit in the chancery court, to avoid a multiplicity of suits. See High on Injunctions, p. 329; *Murphy* v. *City of Wilmington,* 6 Houst. (Del.), 139, 22 Am. St. Rep. 345. And especially see *Hale* v. *Allison,* 188 U. S. 77, 23 Sup. Ct. 252, 47 L. Ed., 380.

Now, in the case at bar the appellant does not charge that the defendants, Ware and Dickson, are liable to him, jointly or severally. He charges that as against one or the other of them, he does not know or say which, he has no case at all; depending upon which of

them the court shall believe is telling the truth, a matter which he leaves entirely to the court. We take it that Ware and Dickson, in the opinion of the appellant, are both fully solvent, and a decree against either, as suits the pleasure of the court, will be satisfactory to appellant.

It will be noted that the wholesome doctrine of multifariousness cannot be overrun to avoid a multiplicity of suits; that a "multiplicity of suits" and a "multitude of suits" are not synonymous terms. That only those suits can possibly be combined to avoid a multiplicity of suits, that may be determinable by the application of the same principles of law, and by the establishment of practically the same facts. And if that be true, and that is what this court said in the case just quoted from, then equity has no jurisdiction of appellant's suit on the ground of avoiding a multiplicity of suits; because (1) the principles of law are different as to the claim against the defendants, being the principles of the law of contract and the principles of the law in relation to torts, and (2) the case cannot be determined as against the defendants by the establishment of practically the same facts, for the facts that will release Ware will, with other facts, render Dickson liable, and the facts that will release Dickson, will render Ware liable. In other words, the case, if any, against Dickson is wholly dependent upon there being no case against Ware. The cases, and we use the plural just for argument's sake, for the complainant does not claim to have a case against one or the other of the defendants, are diametrically opposed to each other. As a matter of fact, there is but one case, for, as complainant has said: "We say that Dr. Ware is liable to us or that Mr. Dickson is liable to us." Nowhere does he claim that both are liable to him, either jointly or severally; but avers that as against one of them he has no right of recovery at all.

It is true that appellant does not plant his right to bring this suit in the chancery court upon the ground of avoiding a multiplicity of suits, but upon the ground of avoiding a circuity of action, so he says in his brief as quoted by us. But we have thought it well to deal also with the ground of preventing multiplicity of suits as well as the ground of preventing circuity of actions; because the distinction between them is sometimes so narrow as that they almost overlap.

In the same volume of Cyc. to-wit, Vol. 16, to which appellant has referred the court, and on page 63 thereof, is found the following: "(11.) Avoiding circuity of action, where, instead of a complexity of controversies between two parties with respect to the same subject-matter, the complexity arises from there being involved the several rights of more than two, each demanding adjustment, and each requiring at law a separate action, equity will frequently take jurisdiction of a suit to which all are parties and therein adjust all rights and determine the whole controversy. The entertainment of bills to enforce directly a demand against the person ultimately chargeable, where at law the remedy would be against one secondarily liable, has in some cases been placed upon the same ground or preventing circuity of action." And see note 68 at the bottom of the above page.

As stated, the bill should present the rights of two persons, each demanding adjustment, but such is not the case. The rights of two parties over the same subject-matter, each demanding adjustment, is not presented by the bill. The bill does not aver that both defendants are liable to complainant, in the first place; and in the second place, there is no allegation of rights to be adjusted between the defendants. The bill only charges that if what the defendant sued in tort says, is true, then the defendant sued in contract is liable in contract, and there is no tort; and if what the defend-

ant sued in contract says, is true, then the defendant sued in tort is liable in tort and there is no contract.

Aside from the fact that the appellant does not, and cannot state a case against both defendants to save his life, yet if he did, or could, we do not believe that two persons, one liable, if at all, *ex contractu,* and the other liable if at all, *ex delicto* can be sued jointly. As said by Judge WHITFIELD in the case of *Railroad Co.* v. *Barnes,* from which we have quoted, the doctrine of multifariousness which prevents a mingling in one suit of entirely distinct and separate causes of action between different parties, is a wholesome doctrine. If appellee says he did not sign the note of the company, what jurisdiction of a suit against appellee on the note does the chancery court thereby acquire, because forsooth, some one says he did sign it, or said he did sign it; even if that some one procured money for the company upon the representation, and may be liable for the amount of the note for fraud? The two cases are entirely distinct, between different parties, and rest upon different facts. The two cases are so opposed to each other, and so fatally opposed to each other in the case at bar, that appellant did not undertake to charge that either defendant was liable to him, but that one or the other was, being careful not to charge what were the facts with reference to the execution of the note by appellee further than to say that appellee contends he did not sign the note of the company, and defendant Dickson says he did. For appellant to have charged facts making appellee liable, would have shown no case against defendant Dickson, and *vice versa,* which would have clearly shown that the suit should be at law against the one or the other, owing to what appellant charged to be true. But appellant, by not charging anything to be true in regard to the execution of the note by appellee, contends that he has presented a case of equity jurisdiction. We

13—121 Miss.

have shown, however, that certainty in pleading is required as strictly in chancery as at law, and that such a bill as that in the case at bar, is a pure and simple fishing bill.

There is no equity on the face of the bill, which is one of the grounds of the demurrer of appellee and challenges the sufficiency of the bill through and through.

Appellant did not discuss this ground of the demurrer, but preferred to pass it up, and discuss the second ground, that the appellant has an adequate and complete remedy at law. Because appellant is afraid he cannot win his case against appellee, does not render his remedy at law against appellee any the less full, adequate and unembarrassed. If fear of losing a case on the part of a litigant, or his attorney, were a ground of equity jurisdiction, then every case in which there is an issue of fact to be tried, could be brought in the chancery court. But that is not the law; for that would not quiet the fear, as we can testify.

The bill is purely and simply a fishing bill. There is but one defendant liable. Appellant will not take the responsibility to state which defendant is liable, though it is his duty so to do under the laws of pleading. But so to do would be to turn the other defendant loose, and show the fallacy of his contention of equity jurisdiction. The defendants are not both liable, nor is either liable in the capacity in which the other would be. One is liable, if at all, in contract, and the other, if at all, in tort. And neither is stated to be liable under any allegation of facts which the court is asked to believe. It seems to us that appellant has misconceived the whole proceeding.

We respectfully submit that under the authorities we have presented, there is no equity on the face of the bill, and that the appellant has a full, adequate and complete remedy at law, and that the decree of the

lower court sustaining the demurrer of appellee and dismissing the bill of complaint, should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellant, F. W. Foote, filed his bill of complaint against the appellee, J. M. Ware, and one Benjamin H. Dickson. The appellee, J. M. Ware, demurred to the bill on the ground that no equity appeared on the face of the bill and that there was an adequate and complete remedy at law. From a decree sustaining the demurrer and dismissing the bill as to appellee, Ware, this appeal is taken by the appellant, Foote.

It appears from the bill that defendant Dickson, who was president of the Cadenhead Drug Company, a defunct concern now out of business, obtained a loan of one hundred and twenty-seven dollars for said concern from the appellant, by tendering and delivering to the appellant what purported to be, and was represented by Mr. Dickson to be, the note of said company, jointly signed by the appellee, Ware. The bill shows that, when the note fell due and was presented to the appellee for payment, the appellee declined to pay same on the ground that it was not his note, stating to the appellant that the note which he executed was the joint note of himself and defendant Dickson, as surety for defendant Dickson individually, and not for said company, and that while the note presented bore his signature, yet after its execution by appellee, and without his authority, the name of said company had been written above the name of said Dickson thereon and the abbreviation "Pres." written after the name of said Dickson thereon, making it to appear to be the note of said company by said Dickson as president, with appellee as surety in the capacity of joint maker with said company.

The bill also charges that appellant loaned the money

to said company on the credit of appellee, Ware, based upon the representations of defendant Dickson that the appellee's signature to said note guaranteeing, the payment by said company was in every way regular and valid. The bill further charges, in substance, that the complainant in making the loan to the company relied upon the representations of defendant Dickson as aforesaid, and that Ware is liable to appellant on the note; but, if Ware is not liable on the note, then Dickson is liable for the amount thereof for his fraudulent representations. The appellant does not undertake to charge that the contrary statements of Ware or Dickson are true or false. The bill charges no fraud or collusion between Ware and Dickson nor does it allege with certainty that Dickson was guilty of fraud.

It seems clear to us that the appellant had an adequate and complete remedy at law, for the reason that, if the claim made by the appellee, Ware, was shown to be untrue, then the appellant could only recover judgment against Ware on the note. We think that appellant had his adequate and complete remedy in a court of law upon the note as signed and delivered to him by Dickson. If Ware, in law, could defeat recovery on a question of fact as to the alleged change or alteration of the note after he signed it, this alone would not afford the appellant a remedy in equity against the appellee, Ware. There is no question of multiplicity of suits or circuity of action involved, as it may be that there is but one suit maintainable, against one or the other, or separate and different actions against each. A judgment against either might end the controversy. If the claim of one is true, the other must be false, and to determine this issue a court of law is the proper forum.

The decree of the lower court is affirmed.

*Affirmed.*